**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-1415**

───────────

IRMA MONRROY,

        Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────

Submitted: November 21, 2023          Decided: November 27, 2023

───────────

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────

Petition denied by unpublished per curiam opinion.

───────────

**ON BRIEF:** Jay S. Marks, LAW OFFICES OF JAY S. MARKS, LLC, Silver Spring, Maryland, for Petitioner. Brian Boynton, Principal Deputy Assistant Attorney General, Sabatino F. Leo, Assistant Director, Madeline Henley, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Irma Monrroy, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals dismissing Monrroy's appeal from the immigration judge's decision denying her applications for asylum and withholding of removal.[1]  We deny the petition for review.

We have reviewed the arguments Monrroy presses on appeal in light of the administrative record, including the transcript of Monrroy's merits hearing and the supporting evidence, and the relevant legal authorities.  We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B)—including the adverse credibility finding[2]—and that substantial evidence supports the denial of relief, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).  *See also Ilunga*, 777 F.3d at 207 (explaining that "omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination" (internal quotation marks omitted)).

---

[1] Monrroy does not challenge the denial of her request for protection under the Convention Against Torture and therefore has forfeited review of this issue.  *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs); *see also Grayson O Co. v. Agadir Int'l, LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)).

[2] We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's credibility findings.  *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004).

Accordingly, we deny the petition for review for the reasons stated by the Board. *See In re Monrroy* (B.I.A. Mar. 16, 2023).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*